UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| ERIC JOHNSON, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 11-0077 (ABJ) |
| | ) | |
| PROSPECT WATERPROOFING COMPANY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Plaintiffs bring this proposed class action, on behalf of themselves and others similarly situated, against defendants Prospect Waterproofing Company and its owner, George Barlow, for unpaid wages based on state statutory and common law claims. Defendants moved to dismiss for failure to state a claim, arguing that plaintiffs' claims are founded on the Davis-Bacon Act (the "Act" or "DBA"), 40 U.S.C. § 3141, *et seq.*, which does not give rise to a private right of action but instead establishes an administrative process for the recovery of unpaid wages. The Court agrees and for the following reasons will grant defendants' motion to dismiss.

I.   **Background**

The named plaintiffs in this case – Eric Johnson, Melvin Green, John Stelly, and Jonathan Thomas – allege that they were each hired as roofers by Prospect Waterproofing Company ("Prospect"), a roofing contractor. Am. Compl. ¶¶ 16, 33, 36, 39, 42. Plaintiffs worked for Prospect on various federally-funded or federally-assisted construction projects in the District of Columbia. *Id.* ¶ 17. Those projects were allegedly subject to the Davis-Bacon Act, *id.* ¶ 18, which requires that employers pay prevailing wage rates for certain categories of jobs in

the community. 40 U.S.C. § 3142. Plaintiffs allege that defendants failed or refused to pay them and similarly situated employees the prevailing wage rate established under the Davis-Bacon Act.

On November 29, 2010, plaintiff Eric Johnson filed a complaint in the Superior Court for the District of Columbia on behalf of himself and other similarly situated employees. Green, Stelly, and Thomas subsequently opted into the action as named plaintiffs. Plaintiffs then amended the complaint on January 12, 2011, and that same day, defendants removed the action to this Court.

Plaintiffs' amended complaint alleges that three state law causes of action arise out of defendants' failure to compensate plaintiffs and similarly situated employees according to the prevailing Davis-Bacon Act rate: (1) a claim for a violation of the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301, *et seq.*; (2) a claim for a violation of the District of Columbia Minimum Wage Act, D.C. Code § 32-1001, *et seq.*; and (3) a common law *quantum meruit* claim based on defendants' retention of the difference between the Davis-Bacon Act prevailing wage rate and what was actually paid. Plaintiffs seek, among other relief, a judgment for the difference between the wages paid and the wages owed, all back wages, liquidated damages, interest, and attorneys' fees.

Now pending before the Court is defendants' motion to dismiss the amended complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

**II.** **Standard of Review**

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, --- U.S. ---, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted); *accord Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In *Iqbal*, the Supreme Court reiterated the two principles underlying its decision in *Twombly*: "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  129 S. Ct. at 1949.  And "[s]econd, only a complaint that states a plausible claim for relief survives a motion to dismiss."  *Id*. at 1950.

A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id*.  A pleading must offer more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action," *id*., quoting *Twombly*, 550 U.S. at 555, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id*.

When considering a motion to dismiss under Rule 12(b)(6), the complaint is construed liberally in plaintiff's favor, and the Court should grant plaintiff "the benefit of all inferences that can be derived from the facts alleged."  *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).  Nevertheless, the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions.  *See id.*; *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).

### III. Analysis

#### A. Private right of action under the Davis-Bacon Act

The Davis-Bacon Act requires that all laborers and mechanics working on federally funded construction projects be paid not less than the prevailing wage in the locality where the

work is performed. 40 U.S.C. § 3142.[1] The Secretary of Labor ("Secretary") "has promulgated extensive regulations regarding the Davis-Bacon Act and its enforcement." *United States ex rel. Bradbury v. TLT Constr. Corp.*, 138 F. Supp. 2d 237, 240 (D.R.I. 2001), citing 29 C.F.R. §§ 1, 3, 5–7. Every contract entered into pursuant to the Act must stipulate that the contractor shall pay the wages established by the Secretary. 40 U.S.C. § 3142(c)(1); *see* 29 C.F.R. § 5.5. The contract must also provide that if the contractor fails to pay the minimum wages specified in the contract, the government's contracting officer may withhold so much of the accrued payments as may be considered necessary to pay the laborers and mechanics the difference between the contract wages and those actually paid. 40 U.S.C. § 3142(c)(3). The Act further provides that "[i]f the accrued payments withheld under the terms of the contract are insufficient to reimburse" the laborers and mechanics for the wages owed, those "laborers and mechanics have the same right to bring a civil action and intervene against the contractor and the contractor's sureties as is conferred by law on persons furnishing labor or materials." *Id*. § 3144(a)(2).[2] "But, this purely financial remedy is available only after there has been an administrative determination that some

---

[1] The Act requires that "for every contract in excess of $2,000, to which the Federal Government or the District of Columbia is a party, for construction, alteration, or repair, including painting and decorating, of public buildings and public works of the Government or the District of Columbia that are located in a State or the District of Columbia and which requires or involves the employment of mechanics or laborers shall contain a provision stating the minimum wages to be paid various classes of laborers and mechanics." 40 U.S.C. § 3142(a). Those "minimum wages shall be based on the wages the Secretary of Labor determines to be prevailing for the corresponding classes of laborers and mechanics employed on projects of a character similar to the contract work in the civil subdivision of the State in which the work is to be performed, or in the District of Columbia if the work is to be performed there." *Id*. § 3142(b).

[2] The Act also includes other enforcement provisions, such as allowing the government to terminate the contract where the contractor fails to pay the prevailing wages, and allowing the Comptroller General to debar a contractor from future contract awards for a three-year period. 40 U.S.C. §§ 3143, 3144(b).

money is owed and that insufficient funds have been withheld to compensate the affected laborer." *Bradbury*, 138 F. Supp. 2d at 241.

Defendants argue that the Davis-Bacon Act does not provide a direct private right of action where an employer is alleged to have failed to pay the prevailing wage rates under the Act. The Supreme Court has not yet addressed the issue, but in *Universities Research Ass'n v. Coutu*, 450 U.S. 754 (1981), it held that the Act "does not confer a private right of action for back wages under a contract that administratively has been determined *not* to call for Davis-Bacon work." *Id.* at 767–68 (emphasis added). The Court reasoned that to "imply a private right of action" in that situation "would destroy [the] careful balance" between the interests of contractors and employees and "would undercut as well the elaborate administrative scheme promulgated" by the Secretary. *Id.* at 782–83. "The uniformity fostered by those regulations would be short-lived if courts were free to make postcontract coverage rulings." *Id.* at 783. The Court "recognize[d] that some of [its] reasoning arguably applies to the question whether the Act creates any implied right of action," but it declined to reach that broader issue. *Id.* at 769 n.19.[3]

Since then, "[t]he 'majority of courts that have addressed the issue' have concluded that no private right of action exists under 40 U.S.C. § 1342," the section of the Davis-Bacon Act at issue in this case. *Ibrahim v. Mid-Atlantic Air of DC, LLC*, --- F. Supp. 2d ---, No. 11–1070, 2011 WL 3489110, at *2 (D.D.C. Aug. 10, 2011), quoting *Bradbury*, 138 F. Supp. 2d at 240 (collecting cases). In *Grochowski v. Phoenix Construction*, 318 F.3d 80 (2d Cir. 2003), the Second Circuit held that the "great weight of authority indicates that" the Davis-Bacon Act does

---

3   The Court notes that defendants misquoted this language in their motion to dismiss by omitting the qualifying language ("some" and "arguably"), which takes it out of its proper context. *Compare* Defs.' Mot. to Dismiss at 4 ("While the Court recognized that 'our reasoning applies to the question . . . .'"), *with Universities Research*, 450 U.S. at 769 n.19 ("While we recognize that some of our reasoning arguably applies to the question . . . .").

not "confer[] a private right of action on an aggrieved employee for back wages." *Id.* at 85, citing *Operating Eng'rs Health & Welfare Trust Fund v. JWJ Contracting Co.*, 135 F.3d 671, 676 (9th Cir. 1998); *Chan v. City of New York*, 1 F.3d 96, 102 (2d Cir. 1993); *Weber v. Heat Control Co.*, 728 F.2d 599, 599–600 (3d Cir. 1984). Likewise, in *United States ex rel. Glynn v. Capeletti Bros.*, 621 F.2d 1309, 1313 (5th Cir. 1980), the Fifth Circuit examined the issue under the four factors set forth in *Cort v. Ash*, 422 U.S. 66 (1975), the test used to determine whether a private remedy is implied in a statute.[4] In a thorough and convincing analysis of those factors, the Fifth Circuit held that the Act does not provide a private right of action for payment of unpaid wages. 621 F.2d at 1313–17.[5]

Although the D.C. Circuit has not addressed the issue directly, another court in this district recently cited *Grochowski* when it dismissed a claim for unpaid wages under the Davis-Bacon Act. *Ibrahim*, 2011 WL 3489110, at *2. In *Ibrahim*, the court noted that the case law in the D.C. Circuit "suggests that no private right of action exists," as the majority of other courts have concluded, but it declined to decide the issue because the plaintiff had conceded it. *Id.*,

---

4    The four factors are: "First, is the plaintiff 'one of a class for whose especial benefit the statute was enacted,' that is, does the statute create a federal right in favor of the Plaintiff? Second, is there any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one? Third, is it consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff? And finally, is the cause of action one traditionally relegated to state law, in an area basically the concern of the States, so that it would be inappropriate to infer a cause of action based solely on federal law?" *Glynn*, 621 F.2d at 1313, quoting *Cort*, 422 U.S. at 78.

5    Applying the four factors, the court held: (1) "section 1 of the Act does not confer a federal right directly on the benefited class," 621 F.2d at 1314; (2) the legislative history of the Act "contains no evidence of congressional intent either to create or deny private parties a right of action under section 1," *id.*; (3) "a private right of action is not 'necessary' to effectuate the purposes of the statutory scheme," *id.* at 1317; and (4) the "cause of action is not one traditionally relegated to state law, in an area basically the concern of the states," *id*. In sum, the court concluded that "neither the language, the history, nor the structure of the statute supports the implication of a private right of action in this case." *Id.*

citing *Kenney v. Roland Parson Contracting Corp.*, 790 F. Supp. 12, 16 n.3 (D.D.C. 1992), *rev'd on other grounds*, 28 F.3d 1254 (D.C. Cir. 1994).

The conclusion that the DBA provides no private right of action is also consistent with the D.C. Circuit's holding in *Danielsen v. Burnside-Ott Aviation Training Center, Inc.*, 941 F.2d 1220 (D.C. Cir. 1991). In that case, the court addressed whether a private action may be brought to recover wages under the Services Contract Act ("SCA"), 41 U.S.C. § 351, *et seq.*, which applies to service contracts but is otherwise analogous to the DBA. The plaintiffs sued their employer for unpaid wages under the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. §§ 1961–1968, and for common law fraud. The court held that "the implication of a private right under the SCA would undercut the specific remedy prescribed by Congress." 941 F.2d. at 1228. The court asked: "what plaintiff will pursue his administrative remedies under the [SCA] where more direct and expeditious relief is available in a private suit?" *Id.*, quoting *Miscellaneous Serv. Workers v. Philco-Ford Corp.*, 661 F.2d 776 (9th Cir. 1981). The same reasoning would apply in the case of the DBA since the administrative enforcement schemes in the two statutes are similar. *Compare* 29 C.F.R. §§ 4.187–.191, 8.2–.18 *with* 29 C.F.R. §§ 5.6, 5.9–.13, 5.18–.19, 7.2–.18. Thus, prior case law suggests that it is likely that the D.C. Circuit would also find that the DBA does not confer a private right of action.

Here, plaintiffs expressly acknowledge that "[t]he parties are in agreement that the Davis-Bacon Act does not contain a private cause of action for recovery of unpaid wages." Pls.' Opp. at 7. Since, as in *Ibrahim,* the issue is conceded, the Court can assume, but need not decide, that the Davis-Bacon Act does not give rise to a private right of action against an employer.

### B. Plaintiffs cannot bypass the Davis-Bacon Act through state statutory and common law claims

Plaintiffs insist that their suit can proceed whether or not the Davis-Bacon Act confers a private right of action because they are not seeking relief under the Act. *Id.* at 4. They claim that "D.C. law creates a valid claim for unpaid wages governed by the Davis-Bacon Act," and they point to the D.C. Wage Payment and Collection Law and the D.C. Minimum Wage Act as the source of that claim. *Id*. at 7. But as courts in this circuit and elsewhere have concluded, plaintiffs cannot get around the administrative prerequisites of the Act simply by dressing up their claim in new language and asserting that it arises under state law.

In *Grochowski*, the plaintiffs sought to recover Davis-Bacon wages allegedly owed to them by asserting state law claims for breach of contract and *quantum meruit*. In dismissing these claims, the court rejected the same argument that plaintiffs make here:

> At bottom, the plaintiffs' state-law claims are indirect attempts at privately enforcing the prevailing wage schedules contained in the DBA. To allow a third-party private contract action aimed at enforcing those wage schedules would be inconsistent with the underlying purpose of the legislative scheme and would interfere with the implementation of that scheme to the same extent as would a cause of action directly under the statute.

318 F.3d at 86 (internal quotations omitted).[6]

---

6   Plaintiffs' attempt to distinguish contrary case law is not persuasive. Their reliance on the dissent in *Grochowski*, *see* Pls.' Opp. at 9, is unhelpful. Plaintiffs also argue that the reason the Second Circuit upheld the dismissal of the claims in *Grochowski* was that the *Grochowki* plaintiffs "had not brought an action under a specific statute with 'a presumption in favor of the right to bring suit.'" *Id*. at 8, quoting *Grochowski*, 318 F.3d at 85. But that is a misreading of the court's holding. It is true that the *Grochowski* plaintiffs selected common law breach of contract claims, and not claims under state statutes, as the means of advancing their entitlement to wages under the DBA. But the opinion suggests that claims based on state statutes would have failed as well. "[T]he present contracts . . . were federally funded and, as such, are governed by the prevailing wage requirements set forth in the DBA, not by § 220 of the New York Labor Law. Since in this case . . . no private right of action exists *under the relevant statute*, the

8

Similarly, in *Ibrahim*, the court held that the plaintiff "cannot evade the requirement that he seek administrative relief simply by arguing that his claims arise under D.C. law." 2011 WL 3489110, at *2. The court found that even if the plaintiff "had stated a claim under D.C. contract law, it would likely be foreclosed by the Davis-Bacon Act." *Id.* That is because bringing a state law claim is "'clearly an impermissible end run around' the Davis-Bacon Act." *Id.*, quoting *Grochowski*, 318 F.3d at 86. The court therefore dismissed the plaintiff's complaint. *Id.* at *3. *See also Danielsen*, 941 F.2d at 1228 (holding that "the private civil action, even couched in RICO terms, will not lie for an alleged breach of the SCA."); *Miccoli v. Ray Commnc'ns, Inc.*, 2000 WL 1006937, * 3 (E.D. Pa. July 20, 2000) ("Applying the teachings of *Grochowski* and *Danielson* to this case, the court concludes that plaintiff's claim, no matter how creative the

---

plaintiffs [sic] efforts to bring their claims as state common-law claims are clearly an impermissible 'end run' around the DBA." *Id.* at 86 (emphasis added).

In addition, plaintiffs quote *Chan*, 1 F.3d at 103 (2d Cir. 1993), for the proposition that: "the [statute's] inquiry begins with a presumption in favor of the right to bring suit." Pls.' Opp. at 8. But plaintiffs neglect to point out that the "statute" referenced in that sentence was 42 U.S.C. § 1983, not the Davis-Bacon Act. The court in *Chan* was asked to consider the enforceability of the minimum wage rules in the Housing and Community Development Act under section 1983, and it noted that "*unlike* the inquiry into whether a substantive statute confers a direct private right of action, the § 1983 inquiry begins with a presumption in favor of the right to bring suit." *Chan*, 1 F.3d at 103 (emphasis added). *See also Grochowski*, 318 F.3d at 80 (*Chan* "differentiated between a private right of action conferred by statute and an action under § 1983."). The court in *Chan* recognized the "general rule" that section 1983 was enacted to provide a remedy for violations of federal rights. 1 F.3d at 106.

But here, there is no corresponding presumption in favor of a right to bring suit under D.C. law to enforce the federal rights at issue. To the extent that the D.C. Minimum Wage Act specifically authorizes an employee to bring a civil action for unpaid wages, the statute confers that right only for actions for wages "to which that employee is entitled *under this subchapter*," not under an unrelated federal law. D.C. Code § 32-1012(a) (emphasis added). And while the DCWPCL includes a remedies provision, it simply permits an employee to bring an action to recover "unpaid wages." D.C. Code § 32-1308. The complaint here makes no allegation that wages were unpaid other than its allegation that the wages for work on a federally funded contract fell short of the prevailing rate under the DBA. Thus, plaintiffs' state law claim is indistinguishable from the asserted DBA violation at the heart of the complaint, and the Court finds *Grochowski* to be more instructive than *Chan*.

9

choice of nomenclature, is in reality a private claim for back wages under the Davis-Bacon Act and the Service Contract Act. Neither statute allows for such a claim.").

In this case, plaintiffs seek to bypass the exclusive administrative remedies of the DBA by bringing state law and *quantum meruit* claims. But the complaint makes clear that each of plaintiffs' claims is founded exclusively on the Davis-Bacon Act. Counts I and II each allege that defendants violated the DCWPCL and the D.C. Minimum Wage Act by failing to compensate plaintiffs "according to the prevailing Davis-Bacon rate." Am. Compl. ¶¶ 70, 77. Similarly, Count III alleges that defendants had an obligation to compensate plaintiffs at Davis-Bacon prevailing wage rates, but that defendants retained the difference between the Davis-Bacon wages and those they actually paid while still receiving the benefit of the work that plaintiffs performed. Am. Compl. ¶¶ 83–86. Plaintiffs' opposition reiterates that their claims are premised upon the Act: "Taken in concert, the DCWPCL and Davis-Bacon clearly create an actionable obligation for employers to compensate their employees with the minimum Davis-Bacon prevailing wages required by law." Pls.' Opp. at 6.

The Court therefore concludes that plaintiffs' claims "are clearly an impermissible end run around" the Davis-Bacon Act. *Grochowski*, 318 F.3d at 86. As other courts have held, if plaintiffs could bring such an action directly in this Court, it would severely undermine the specific remedial scheme established by Congress.

## IV. Conclusion

For the foregoing reasons, the Court will dismiss plaintiffs' complaint for failure to state a claim upon which relief can be granted. A separate order will issue.

                                               AMY BERMAN JACKSON
                                               United States District Judge

DATE: September 21, 2011